United States District Court
Southern District of Texas

**ENTERED**

March 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ABDIHAMID IBRAHIM ABDI,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No.** 1:26-cv-162 |
| | § | |
| **KRISTI NOEM**, | § | |
| Respondent. | § | |
| | § | |
| | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Abdihamid Ibrahim Abdi's "Notice of Appeal to the Federal District" (Abdi's "Notice of Appeal").  Dkt. No. 1.  For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Abdi's Notice of Appeal; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Abdi, a citizen of Somalia proceeding pro se, is in immigration custody at the Port Isabel Detention Center ("PIDC") located in Los Fresnos, Texas.  Dkt. No. 1 at 3.  Abdi has been in detention since October 31, 2024, and an immigration judge ("IJ") issued an order of removal on June 13, 2025.  *Id.*  Abdi timely filed an appeal with the Board of Immigration Appeals ("BIA"), which was dismissed on January 23, 2026.[2]

---

[1] Information obtained from Abdi's Notice of Appeal.  *See* Dkt. No. 1.  Abdi's A-number is A-249139286, and his country of origin is Somalia.  Dkt. No. 1 at 3.

[2] Abdi states that "my appeal was timely filed within thirty (30) days of the Immigration Judge's decision." Dkt. No. 1 at 3.  Further, according to the Executive Office of Immigration Review, Abdi's appeal was dismissed on January 23, 2026.  *See* EOIR Automated Case Information, EXECUTIVE OFFICE OF

## II.    LEGAL STANDARDS

### A.    Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).  Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1.  Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement. *Lujan*, 504 U.S. at 559.  Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision." *Id.* at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002).  For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted).  A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction. *Shields*, 289 F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam)

---

IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en/caseInformation (search "A-Number" field as "249139286" and "Nationality" field as "Somalia").

(noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

**B.      28 U.S.C. § 2241:** *Habeas Review of Final Orders of Removal*

The district courts may grant writs of habeas corpus to persons in federal custody in violation of federal law. 28 U.S.C. § 2241(a), (c)(1), (c)(3). This power extends to immigrant detainees in custody beyond the statutorily mandated removal period. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Habeas review of removal orders, however, is conditioned on the detainee first exhausting all available administrative remedies. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies should result in dismissal without prejudice. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).

**C.      Immigration and Naturalization Act:** *Review of Proceedings under INA*.

The Immigration and Naturalization Act ("INA") provides that any alien physically present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The U.S. Citizenship and Immigration Service ("USCIS"), an agency of the U.S. Department of Homeland Security ("DHS"), has jurisdiction over asylum applications filed by aliens not in removal proceedings and conducts the initial interview of the applicant. 8 C.F.R. § 208.2(a)(ii). If the asylum officer denies the application, the asylum officer shall refer the application to an immigration judge ("IJ") for removal proceedings. 8 C.F.R. §

208.14(c)(1). The alien may appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.1(b)(3).

An order of removal is final when the BIA affirms an IJ's finding of removability or when the time for appealing an IJ's decision has expired. *Lopez Acosta v. Rosen*, 832 Fed.Appx. 891, 891 (5th Cir. 2021). The INA vests exclusive jurisdiction to review final orders of removal in the United States Courts of Appeals. *Pena Oseguera v. Barr*, 936 F.3d 249, 250 (5th Cir. 2019); 8 U.S.C. § 1252(a)(5).

## III.    DISCUSSION

In his Notice of Appeal, Abdi asks the Court to "grant [his] appeal." Dkt. No. 1 at 6. Abdi, throughout his Notice of Appeal, outlines various reasons why he disagrees with the asylum officer's denial of his asylum application and the subsequent order of removal entered by the IJ. *See id.* at 2–3. It appears, then, that Abdi is attempting to file an appeal of the BIA's January 23 dismissal of his BIA appeal. However, as discussed above, the INA vests exclusive jurisdiction to review final orders of removal in the United States Courts of Appeals. *Pena Oseguera*, 936 F.3d at 250. Therefore, the Court does not have jurisdiction over this matter; instead, it is the Fifth Circuit that retains exclusive jurisdiction. For the foregoing reasons Abdi's Notice of Appeal should be denied without prejudice.

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Abdi's Notice of Appeal; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **27th** day of **March, 2026** at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**